In the Matter of Douglas
S. FOLLOWELL,
Petitioner.

No. 77S00–0806–DI–375.

Supreme Court of Indiana.

April 13, 2015.

*PUBLISHED ORDER GRANTING CONDITIONAL REINSTATEMENT TO THE PRACTICE OF LAW*

On August 15, 2013, this Court entered an order suspending Petitioner for not less than 150 days without automatic reinstatement, effective September 27, 2013. Petitioner filed a petition for reinstatement on June 16, 2014. On February 16, 2015, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in Indiana.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement was filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Disciplinary Commission that Petitioner be reinstated should be accepted, but that reinstatement be subject to the following conditions: **Petitioner shall be conditionally reinstated as a member of the bar of this State and placed on probation for a period of one year, during which time Petitioner shall continue receiving individual treatment and attending Alcoholics Anonymous meetings, with monitoring by the Judges and Lawyers Assistance Program**

("JLAP"). Upon expiration of the probationary period, Petitioner may submit a petition for release from probation provided he has fully complied with the terms of his probation.

IT IS, THEREFORE, ORDERED that the petition for reinstatement of Petitioner is hereby granted and that Petitioner is conditionally reinstated as a member of the bar of this State subject to the terms of probation stated above.

All Justices concur except DICKSON, J., who votes to deny reinstatement.